Affirmed as Modified and Majority and Concurring Opinions filed January
15, 2008








Affirmed
as Modified and Majority and Concurring Opinions filed January 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00364-CV

_______________

 

JOSE THOTTUMKAL and

SARAMMA THOTTUMKAL, Appellants

 

V.

 

LARRY McDOUGAL, Appellee

                                                                                                                                               


On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 05-CV-142505

                                                                                                                                                

 

C O N C U R R I N G   O P I N I O N

 

Regarding the Thottumkals= contention that McDougal had the
burden to prove a lack of due diligence on their part, section 10.002(c)
provides:

The court may award to a party
prevailing on a motion under this section the reasonable expenses and attorney=s fees incurred in presenting or
opposing the motion, and if no due diligence is shown the court may award to
the prevailing party . . . out of pocket expenses incurred or caused by the
subject litigation.








Tex. Civ. Prac. & Rem. Code Ann. ' 10.002(c) (emphasis added).  The
parties have cited, and we have found, no Texas appeals court opinion
addressing which party has the burden of proof under section 10.002(c) on the
issue of due diligence.[1]

Section 10.002(a) allows a party to
move for sanctions based on a violation of section 10.001 alone.  Section
10.002(c), quoted above, then essentially allows a greater sanction to be
imposed if no due diligence is shown.  The Thottumkals= interpretation of this provision
would treat a showing of no due diligence as an additional violation or element
that must be proved by the movant, i.e., in addition to a violation of
an express provision of section 10.001 (such as pleading a claim that a
reasonable inquiry would have disclosed to be groundless).  However, no
provision of Chapter 10 refers to a violation of anything other than section
10.001, and that section does not include, or refer to, a lack of due
diligence.  Under these circumstances, the due diligence standard is not an
additional violation or element, but, instead, a type of exemption or safe
harbor, which allows a nonmovant to reduce the scope of the sanctions that can
potentially be imposed if the nonmovant shows that his violation of section
10.001 occurred despite (i.e., rather than because of) his exercise of due
diligence.

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

 

Judgment rendered and Majority and
Concurring Opinions filed January 15, 2008.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.*









[1]           The Thottumkal=s post-argument brief cites the statement in Low,
that the party seeking sanctions bears the burden of overcoming the presumption
of good faith, as meaning that McDougal had the burden to show a lack of due
diligence.  See 221 S.W.3d at 614.  However, that statement in Low
refers to the good faith standard in Texas Rule of Civil Procedure 13, which
does not pertain to the due diligence or other standards set forth in sections
10.001 or 10.002 of the Civil Practice and Remedies Code.  Moreover,
notwithstanding section 22.004 of the Texas Government Code, the Texas Supreme
Court may not amend or adopt rules that are in conflict with Chapter 10 of the
Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. ' 10.006.





*           Senior justice Richard H. Edelman sitting
by assignment.